NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY MITCHELL, an individual, | No. 18-55763 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-07695-PA-MRW |
| v. | |
| KEVIN K. MCALEENAN, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 4, 2019**
Pasadena, California

Before: FARRIS, McKEOWN, and PARKER,*** Circuit Judges.

Anthony Mitchell ("Mitchell") alleged that the Transportation Security

Administration ("TSA") removed him as a Transportation Safety Officer ("TSO")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

based on race, sex, color, and age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*. The parties are familiar with the facts so we do not repeat them. Mitchell appeals the district court's summary judgment to the TSA. We affirm.

Mitchell cannot establish a prima facie case under Title VII. He is not similarly situated in "all material respects" to the purported comparators. *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Unlike Mitchell, one of the purported comparators competed for and received a different position within the TSA with markedly different essential duties. The remaining comparators presented medical records without indication of permanent restriction, obtained unqualified release to full duty, or had both.

In contrast, the physician appointed by the Department of Labor concluded that Mitchell will have "permanent restriction" in the use of his left extremities. Several months later, the same physician confirmed the unfortunate prognosis. Mitchell's treating physician also observed persistent pain and severe limitations in the left extremities.

The treating physician's release to "regular work with no restrictions" does not create a genuine issue of material fact. Mitchell's release was issued "per [patient's] request," based on what he wanted. No medical test or observable

2

improvement supported the release. The qualified release obtained at Mitchell's insistence does not establish that Mitchell is similarly situated to the purported comparators. *See Weil v. Citizen Telecom Servs. Co., LLC*, 922 F.3d 993, 1004 (9th Cir. 2019) (similarly situated employees "display similar conduct").

Nor can Mitchell establish a prima facie case of discrimination under the ADEA. He did not offer evidence showing that the younger employees who allegedly replaced him possessed equal or lesser qualifications, or evidence supporting "an inference of age discrimination." *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

The TSA "clearly set forth" a "legitimate, nondiscriminatory reason" for the removal. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254, 257 (1981). It considered the medical documents, then decided to remove Mitchell "based solely on [his] physical inability to perform the full range of [TSO] duties." Even if a prima facie case can be established, this "individualized" explanation based on "concerns about job performance unrelated to [Mitchell's] protected status" would be sufficient to rebut it. *Diaz*, 521 F.3d at 1212.

Finally, Mitchell did not offer "*specific* and *substantial* evidence" that the TSA's reason for the removal was a pretext for discrimination. *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 661 (9th Cir. 2002). The TSA showed that it "honestly believed" its proffered reason. *See Villiarimo v. Aloha Island Air,*

3

*Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002).  A TSA human resources specialist obtained confirmation from the treating physician that Mitchell was unable to perform the essential duties of a TSO.

**AFFIRMED.**